UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Coleen Roulo.**

    Plaintiff,

vs

**Fidelity Management Trust Company,**

    Defendant.

Case No.
Hon.

---

**LIPPITT O'KEEFE, PLLC**
By: Kurt A. Olson (P38321)
    Kevin J. McGiness (P73281)
370 E. Maple Rd., Third Floor
Birmingham, MI 48009
248-646-8292
kolson@lippittokeefe.com
kmcginess@lippittokeefe.com

---

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

NOW COMES PLAINTIFF, COLEEN ROULO, by and through her attorneys, LIPPITT O'KEEFE PLLC, and for its Complaint for Declaratory Judgment and Other Relief against FIDELITY MANAGEMENT TRUST COMPANY, states as follows:

{00378095}

## THE PARTIES

1. Plaintiff, Coleen Roulo ("Plaintiff"), is an individual who resides in Brighton, Michigan.

2. Defendant, Fidelity Management Trust Company ("Fidelity"), is a Massachusetts corporation who does business in Michigan.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 28 U.S.C. §§ 2201-2202 and seeks a declaratory judgment as to the rights and duties of the parties of an IRA under a beneficiary designation, as set forth below.

4. Pursuant to 28 U.S.C. § 1332, this court has original jurisdiction because the amount in controversy, exclusive of interest, costs, and attorney fees, exceeds $75,000, and the dispute is between citizens of different states.

5. Venue is proper in the United States District Court for the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1391, because Plaintiff is located in this venue, Defendant conducts substantial business in this venue and the facts giving rise to this action occurred in this venue.

6. As a result of a dispute regarding the distribution of an IRA held in trust by Defendant as well as the validity of modification of beneficiary designations, as set forth below, there is an actual case or controversy between the parties.

{00378095}

## STATEMENT OF FACTS

7. Prior to December 31, 2020, James E. Kapsa ("Kapsa") filed an IRA Beneficiary designation with a primary beneficiary being his wife, Veronica Kapsa, and contingent beneficiaries being Plaintiff, Cynthia M. Saenz, Chelsy Mahon, James Saenz and Kyle Saenz. ("Beneficiary Statement") (**Exhibit 1**).

8. The Beneficiary Statement provided that Plaintiff as contingent beneficiary would receive thirty-five (35%) percent of the value of the IRA, account number ending in #7936.[1]

9. On May 10, 2021, Veronica Kapsa passed away thereby invoking the contingent beneficiaries.

10. On September 25, 2021, Kapsa passed away thereby invoking distribution of IRA to the contingent beneficiaries.

11. Plaintiff recently discovered through notification from Defendant that the beneficiary designations were changed prior to Kapsa's death, such that Plaintiff would now only receive a five (5%) share. (**Exhibit 2, Affidavit of Coleen Roulo**).

12. Upon information and belief Kapsa only made changes to his accounts, including beneficiary designations, through his financial advisor. (**Exhibit 2**).

---

[1] There may be other accounts not yet discovered and Plaintiff would request the same relief sought in this Complaint to apply to those accounts.

{00378095}

13. Upon information and belief Kapsa did not make any changes in beneficiary designations through his financial advisor. (**Exhibit 2**).

14. Upon information and belief no one else was authorized to make beneficiary designation changes besides Kapsa. (**Exhibit 2**).

15. Upon information and belief to the extent any change was made, it would have been an unauthorized change and would not have occurred with the consent of Kapsa. (**Exhibit 2**).

16. Kapsa was not computer literate and would conduct all business in person and not online. He would not have created nor accessed any online accounts to make any changes. (**Exhibit 2**).

17. Plaintiff has not been provided any information as to the other beneficiaries or the percentages of distribution. (**Exhibit 2**).

### COUNT I – DECLARATORY JUDGMENT AS TO THE VALIDITY OF THE CHANGE IN BENEFICIARY DESIGNATION

18. Plaintiff restates and realleges paragraphs 1 through 17 of this Complaint as if repeated herein word for word.

19. Prior to December 31, 2020, Kapsa filed the an IRA Beneficiary designation which included in part that Plaintiff would receive thirty five (35%) percent of the value of the IRA, account number ending in #7936. (**Exhibit 1**).

20. On September 25, 2021, Kapsa passed away thereby invoking distribution of IRA to the contingent beneficiaries.

{00378095}

21. Plaintiff recently discovered through notification from Defendant that the beneficiary designations were changed prior to Kapsa's death, such that Plaintiff would now only receive a five (5%) share. (**Exhibit 2**).

22. Upon information and belief Kapsa only made changes to his accounts, including beneficiary designations, through his financial advisor. (**Exhibit 2**).

23. Upon information and belief Kapsa did not make any changes in beneficiary designations through his financial advisor. (**Exhibit 2**).

24. Upon information and belief no one else was authorized to make beneficiary designation changes besides Kapsa. (**Exhibit 2**).

25. Upon information and belief to the extent any change was made, it would have been an unauthorized change and would not have occurred with the consent of Kapsa. (**Exhibit 2**).

26. Kapsa was not computer literate and would conduct all business in person and not online. He would not have created nor accessed any online accounts to make any changes. (**Exhibit 2**).

27. Therefore, there was no valid change in beneficiary designations made and Exhibit 1 remains the current designation of beneficiaries. (**Exhibit 2**).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court issue a declaration that the change in beneficiary executed after Exhibit 1, is void as a

matter of law, affirm the designations in Exhibit 1, and grant any other relief which this Court deems appropriate, equitable or just.

Dated:    12/16/2021                  /S/ Kurt A. Olson
                                   LIPPITT O'KEEFE PLLC
                                   By: Kurt A. Olson (P38321)
                                   Kevin J. McGiness (P73281)
                                   Attorneys for Plaintiff
                                   370 E. Maple Road, Third Floor
                                   Birmingham, MI 48009
                                   (248) 646-8292
                                   kolson@lippittokeefe.com
                                   kmcginess@lippittokeefe.com

{00378095}